99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Edward F. HEIL, Plaintiff-Appellant,
v.
Bennett S. LeBOW, Robert Davies, William Weksel and Brooke
Partners L.P., Defendants-Appellees.
 No. 95-7516.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 For plaintiff-appellant: Michael J. Rovell, Holstein, Mack & Klein, Chicago, IL.
 For defendants-appellees:Michael L. Hirschfeld, Milbank, Tweed, Hadley & McCloy, New York, NY.
 S.D.N.Y.
 Before McLAUGHLIN and LEVAL, Circuit Judges, and PARKER, District Judge.*
 Appeal from the United States District Court for the Southern District of New York (Keenan, J.).
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Edward F. Heil appeals from a judgment entered in the United States District Court for the Southern District of New York (John F. Keenan, Judge ) dismissing his securities fraud suit against the controlling shareholder (and persons affiliated with it) of the corporation formerly known as Western Union Corporation ("Western Union"). He also appeals from an order denying reconsideration of that judgment. Heil himself owns some four million shares of Western Union, all purchased in the nine months between May, 1989 and January, 1990. His complaint alleged that material omissions by the defendants concerning a 1987 agreement between them and Western Union (the "Agreement") had fraudulently inflated the value of these shares at the time he purchased them.
 
 
 4
 The Agreement was described in a combined prospectus and proxy statement, as allowing the defendants to convert their single share of Western Union stock, purchased for $25 million, into up to 100 million shares if and when Western Union's net income for a fiscal year, computed in accordance with generally accepted accounting principles, exceeded preferred dividend requirements. In 1991, Western Union had such a banner year. Although it suffered considerable operating losses, those losses were more than offset by extraordinary gains resulting from asset sales and debt retirement. The defendants converted their single share into some 79 million shares, acquiring control over the company in the process. Thereafter, Western Union was forced into involuntary bankruptcy.
 
 
 5
 Heil alleged that investors had reasonably believed that the defendants could convert their share under the Agreement only if Western Union returned to operating profitability. Under Heil's construction of the Agreement, notwithstanding generally accepted accounting principles, "paper profits," e.g., from the sale of assets in excess of the assets' book value or the retirement of debt at a discount, did not count. The district court disagreed, and granted summary judgment for the defendants. It reasoned that, under generally accepted accounting principles, "paper profits" did count under the Agreement, and that the defendants had not breached any duties under the securities laws by not stating so explicitly.
 
 
 6
 On appeal, Heil contends that material issues of fact concerning the defendants' alleged omissions, coupled with his unrebutted allegations concerning the defendants' purported "plot" to manufacture paper profits so as to seize control of Western Union under the Agreement, precluded the entry of summary judgment. We disagree, for substantially the same reasons offered by the district court in its well-reasoned opinion granting summary judgment. See Heil v. LeBow, No. 91 Civ. 8656(JFK) (S.D.N.Y. Nov. 17, 1994). We have considered all of Heil's arguments, and find them meritless.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation